66 F.3d 336
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Maria Carmen CANTU-MEDINA, Defendant-Appellant.
 No. 94-50608.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Sept. 8, 1995.
Decided Sept. 8, 1995.
 
 Before: THOMPSON, LEAVY, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Maria Carmen Cantu-Medina (Cantu) appeals her sentence imposed following her guilty plea to smuggling 29 kilograms of cocaine into the United States. The district court sentenced Cantu to the statutory mandatory minimum of 150 months imprisonment rather than the guideline range of 87-108 months. The district court rejected Cantu's claim that the mandatory minimum is inapplicable to her because of the "safety valve" legislation enacted by Congress in 1994. 18 U.S.C. Sec. 3553(f). Cantu timely appeals. We affirm.
 
 
 3
 Section 3553(f) describes five factors a district court must find for a defendant to be exempt from the statutory mandatory minimum. The fifth factor is the only one at issue in this case. It reads:
 
 
 4
 [T]he court shall impose a sentence pursuant to [the] guidelines ... without regard to any statutory minimum sentence, if the court finds at sentencing, after the Government has been afforded the opportunity to make a recommendation, that--(5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence that defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.
 
 
 5
 18 U.S.C. Sec. 3553(f)(5). This statute has been adopted verbatim by the Sentencing Commission as USSG Sec. 5C1.2.
 
 
 6
 Based on the government's proffer and Cantu's own statement, the district court found Cantu had not truthfully divulged all relevant information. Cantu argues she should have been granted discovery to disprove the government's proffer.
 
 
 7
 We review the district court's refusal to grant discovery for an abuse of discretion. United States v. Bourgeois, 964 F.2d 935, 937 (9th Cir.), cert. denied, 113 S.Ct. 290 (1992). We review the district court's factual finding of untruthfulness for clear error. United States v. Buenrostro-Torres, 24 F.3d 1173, 1174 (9th Cir.1994).
 
 
 8
 The government's proffer supported the district court's finding that Cantu's story (that she had been duped by her boyfriend of unknown last name) was untrue. The government proffered that a driver of a car registered to an apartment at the same address as Cantu was arrested for smuggling drugs at the same port of entry as Cantu ten minutes after her arrest. Three months later yet another driver driving a car registered to the same apartment complex was arrested at the same port of entry for the same crime. The apartment manager of the complex attempted to post bail for Cantu.
 
 
 9
 We agree with the district court that Cantu's statement is implausible on its face. Cantu stated she had gone with her boyfriend from Santa Barbara to Mexicali, stayed with him in a hotel, followed his instructions on driving a car across the border, and expected to be able to keep the car. However, she was unable to give authorities any information beyond the boyfriend's first name, and they were unable to identify him. Cantu also claimed to have no relationship beyond landlord/tenant with her apartment manager who tried to post bail for her.
 
 
 10
 Given the implausibilities of Cantu's statement and the government's strong proffer, we hold the district court did not abuse its discretion when it refused Cantu's request for discovery. We further hold the court's finding that Cantu did not truthfully divulge all relevant information is not clearly erroneous. We therefore affirm the sentence imposed by the district court.
 
 
 11
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3